**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan T. Graziano,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>　　　　Defendants. | No. CV 05-1595-PHX-NVW (ECV)<br><br>**ORDER** |

　　　　Pending before the court is Plaintiff's "Motion to Clarify Case No:" (Doc. #11). Despite the title of the motion, Plaintiff is actually asking the court to appoint an attorney to represent him in this case.

　　　　There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

1     Here, Plaintiff has not demonstrated the exceptional circumstances that are required
2 for the appointment of counsel.  Plaintiff has presented nothing to show that his case is likely
3 to succeed on the merits.  Nor has he shown that the legal issues are so complex that he is
4 unable to articulate his claims.  Plaintiff argues only that he needs an attorney because he is
5 indigent and does not have the skills to execute his case.  These circumstances are
6 insufficient to require the appointment of counsel and Plaintiff's request will therefore be
7 denied.

**IT IS THEREFORE ORDERED:**

    That Plaintiff's "Motion to Clarify Case No:" (Doc. #11), which is actually a request for appointment of counsel, is **DENIED**.

    DATED this 25th day of October, 2005.

_____
Edward C. Voss
United States Magistrate Judge

- 2 -